FILED

FEB - 7 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re: | Case No. 05-23593-D-7<br>Docket Control No. MGW-5 |
| RENEE COOPER aka RENEE FISHER, | |
| Debtor. | Date: February 1, 2006<br>Time: 1:30 p.m. |

### MEMORANDUM DECISION

#### I. INTRODUCTION

On March 31, 2005 Robert L. Sanders, a Professional Corporation ("Sanders APC") filed an involuntary petition (the "Involuntary Petition") under Chapter 7 of the United States Bankruptcy Code ("Code") against Renee Cooper ("Cooper"). Cooper filed an answer to the Involuntary Petition on April 15, 2005 in which she asserts that Sanders APC's claim is subject to a bona fide dispute, making Sanders APC ineligible to be a petitioning creditor under section 303 of the Code. The trial for relief under the Involuntary Petition is scheduled for March 23, 2006. Sanders APC brought a motion for summary judgment requesting a determination that its claim is not subject to a bona fide dispute thus making Sanders APC eligible to be a petitioning creditor under section 303 of the Code.

/37

## II.   BACKGROUND

Since approximately July 2000 and continuing through the present, Cooper has been involved in a marital dissolution proceeding in the Contra Costa Superior Court designated as Case No. FLMSD00-03841 (the "Family Law Case"). Sanders APC represented Cooper in the Family Law Case from approximately April 2002 through July 17, 2003. As a result of this representation Sanders APC asserts that Cooper incurred fees to it in excess of $175,000. Sanders APC asserts that Cooper has only paid a portion of these fees and that Cooper still owes Sanders APC in excess of $90,000.

In September 2003 Sanders APC filed a lawsuit against Cooper in the Contra Costa Superior Court, designated as Case No. C03-002249, for breach of contract, money had and received, and fraud (the "Collection Action"). Cooper filed an answer in the Collection Action contesting the relief sought. Cooper asserts that to date she has paid Sanders APC in excess of $90,000, that she owes nothing to Sanders APC, and that she is entitled to have a portion of what she has already paid be refunded to her. Cooper has also filed, but not served, a cross-complaint against Sanders APC for attorney malpractice.

Sanders APC filed the Involuntary Petition against Cooper on March 31, 2005. Cooper answered the Involuntary Petition and asserts that Sanders APC's claim is subject to a bona fide dispute and, as such, is ineligible to be a petitioning creditor under section 303 of the Code.

On December 20, 2005 Sanders APC filed its motion for summary judgment, contending that the doctrine of judicial estoppel

- 2 -

1  prevents Cooper from asserting that the alleged indebtedness is
2  subject to a bona fide dispute.    Alternatively, Sanders APC
3  contends that under the doctrine of account stated it is an
4  eligible creditor under section 303 of the Code.

5      To support its contention of equitable estoppel, Sanders APC
6  relies primarily on the following: a series of form income and
7  expense declarations filed by, or on behalf of, Cooper in the
8  Family Law Case; a form declaration in response to an order to show
9  cause filed by Cooper in the Family Law Case; and a form schedule
10  of assets and debts filed by, or on behalf of, Cooper in the Family
11  Law Case.    In addition, Sanders APC relies on an order after
12  hearing filed October 24, 2003 in the Family Law Case and an order
13  after hearing filed March 18, 2005 in the Family Law Case.

14      Separately, Sanders APC asserts that under the theory of
15  account stated, it holds a minimum claim sufficient to make it an
16  eligible creditor under section 303 of the Code and that this
17  minimum claim is not subject to a bona fide dispute.    To support
18  this assertion, Sanders APC submits the last page of an office
19  invoice where a $5,000 debit is written in and initialed by Robert
20  L. Sanders and Cooper.    Sanders APC also relies on portions of
21  Cooper's deposition taken on December 10, 2004.    Sanders APC
22  asserts that Robert L. Sanders and Cooper met on May 5, 2003 and
23  agreed that Sanders APC would reduce its fees by $5,000.    This
24  "agreement" constituted an account stated and that there is at
25  least a sufficient balance owing on this account stated to make
26  Sanders APC an eligible creditor to petition for involuntary relief
27  under section 303 of the Code.
28  / / /

1

### III.  ANALYSIS

2  A.   Standard for Summary Judgment

3       Under Federal Rule of Civil Procedure 56, summary judgment is
4  properly rendered "if the pleadings, depositions, answers to
5  interrogatories, and admissions on file, together with the
6  affidavits, if any, show that there is no genuine issue as to any
7  material fact and that the moving party is entitled to a judgment
8  as a matter of law."  Fed. R. Civ. P. 56(c).[1]

9       When reviewing the granting of summary judgment, the court
10 must determine whether there is any genuine issue of material fact,
11 viewing evidence in a light most favorable to the non-moving party.
12 Suzuki Motor Corp. v. Consumers Union of U.S., Inc., 292 F.3d 1192,
13 1198-99 (9th Cir. 2002).

14 B.   Standard for Judicial Estoppel

15       In applying the doctrine of judicial estoppel, several factors
16 are typically considered.  First, a party's later position must be
17 clearly inconsistent with its earlier position.  Second, the court
18 is to inquire whether the party has succeeded in persuading a court
19 to accept the party's earlier position, so that judicial acceptance
20 of an inconsistent position in a later proceeding would create the
21 perception that either the first or the second court was misled.
22 Third, the court is to inquire whether the party seeking to assert
23 an inconsistent position would derive an unfair advantage or impose
24 an unfair detriment on the opposing party if not estopped.
25 Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782-83 (9th
26 Cir. 2001).

27 ───────────────

28       [1]Federal Rule of Bankruptcy Procedure 7056 makes Federal
Rule of Civil Procedure 56 applicable to bankruptcy proceedings.

- 4 -

Courts have also opined that absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations. <u>United States v. C.I.T. Construction, Inc.</u>, 944 F.2d 253, 259 (5th Cir. 1991).

The bedrock of Sanders APC's argument is that Cooper is estopped from asserting that the purported debt is in bona fide dispute, because Cooper listed a debt to Sanders APC on various form documents filed in the Family Law Case. These form documents include income and expense declarations, a responsive declaration to an order to show cause, and a schedule of assets and debts.

In asserting judicial estoppel Sanders APC relies on judicial forms that allow for only an abbreviated response by the person completing the form. Specifically, the income and expense declarations relied on by Sanders APC have a section to list attorney fees. The pertinent part on these forms is Section 4. Attorney Fees and asks the declarant to complete the statement: "I owe to date the following fees and costs over the amount paid _____". The declarant is to fill in the blank with a number. Cooper's abbreviated responses are not sufficiently unambiguous, so as to make her later position, that the fees are disputed, clearly inconsistent. Cooper, by filling in the blanks on the form declarations, has not crafted a legal argument, or taken a legal position in the Family Law Case that persuaded the court to decide in her favor. Thus, by later disputing Sanders APC's fees Cooper has not taken a position which is clearly inconsistent with her earlier position.

Assuming arguendo that Sanders APC satisfied the first element of judicial estoppel, the court still finds that Sanders APC has

1  not satisfied the reliance requirement.  Sanders APC relies on the
2  October 2003 and March 2005 orders to establish that the state
3  court relied on Cooper's representations.  There are no concrete
4  findings attendant to either of the orders that show what the state
5  court relied on, in issuing the particular interim orders.
6  Further, the Family Law Case is still pending, so the ultimate
7  outcome of the Family Law Case remains uncertain.

8      Finally, Sanders APC has not satisfied the element of judicial
9  estoppel that requires one party derive an unfair advantage or
10 impose an unfair detriment to the other party if the doctrine is
11 not applied.  Cooper has emphatically stated her objection to
12 Sanders APC's fees and has also filed a cross-complaint in the
13 Collection Action asserting attorney malpractice and that she is
14 entitled to a refund.  It is significant that this is Cooper's
15 first attempt at disputing the fees asserted by Sanders APC.
16 Cooper should not be prohibited from disputing Sanders APC's
17 attorney fees simply because she submitted form declarations and/or
18 a schedule in the Family Law Case which transferred the attorneys
19 fees she was being invoiced for by her former attorney.  To the
20 contrary, preventing Cooper, in the first instance from contesting
21 the fees asserted by Sanders APC would result in an unfair
22 advantage to Sanders APC.  Allowing Cooper the opportunity to
23 contest attorney fees in the first instance does not result in an
24 unfair advantage to Cooper nor does it impose an unfair detriment
25 to Sanders APC.

26 C.  Account Stated
27      The doctrine of account stated provides that parties
28 transacting business with each other and keeping account of their

- 6 -

transactions and items of indebtedness, may come to an agreement upon the amount of the final balance due from one to the other. This agreement is an account stated, a new and independent executory contract.  1 Witkin, <u>Summary of Calif. Law</u>, Contracts § 917 (9th ed. 1987 & Supp. 2004).   There can be an account stated "except where it is alleged that there was fraud, mistake, etc., in stating the account." <u>Id</u>.   The account stated may be attacked by reasons of fraud, duress, mistake, or other grounds cognizable in equity for avoidance of instruments.  <u>Gleason v. Klamer</u>, 103 Cal. App. 3d 782, 787 (1980)(citations omitted).  There is a presumption of undue influence where the purported account stated is entered into between an attorney and a client during their fiduciary relationship.   The burden is on the attorney to show that the transaction was fair and regular and entered by the client with full knowledge of the facts.  <u>Id</u>.

It is undisputed that the purported account stated was entered into while Sanders APC was representing Cooper.  Sanders APC has not addressed, let alone met, the burden of rebutting the presumption of undue influence.  This is necessary for Sanders APC to establish an account stated.

Assuming arguendo that Sanders APC had properly rebutted the presumption of undue influence, the court still finds that the document, and deposition testimony, relied upon by Sanders APC to establish an account stated is inconclusive and raises material factual issues thus making summary judgment inappropriate.  The incomplete invoice, which does not contain a release, shows only that someone wrote what appears to be a $5,000 deduction and appears

/ / /

to be initialed by Robert L. Sanders and Cooper.  This alone does not conclusively establish an account stated.

### IV. CONCLUSION

For the reasons discussed above, the court finds that Sanders APC is not entitled to summary judgment.  The court will issue an order consistent with this memorandum.

Dated:  FEB - 7 2006

ROBERT S. BARDWIL
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING


The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Office of the U.S. Trustee
501 "I" Street, Room 7-500
Sacramento, CA 95814

John O'Donnell
915 University Avenue
Sacramento, CA 95825

Marlene Weinstein
1111 Civic Drive, Suite 380
Walnut Creek, CA 94596


Dated:     February 7, 2006            _Andrea Lovgren_
                                       Andrea Lovgren